UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONLEY THOMPSON, et al.,<br><br>Defendants. | No. 2:20-cr-0105-KJM<br><br>ORDER GRANTING IN PART DEFENDANT'S APPLICATION FOR SUBPOENA UNDER FED. R. CRIM. P. 17(c) |

Before the court is defendant Donley Thompson's ("Defendant's") ex parte application for the issuance of a subpoena duces tecum pursuant to Federal Rule of Criminal Procedure 17(c). Defendant Thompson seeks authorization to issue a subpoena to the Kaiser hospital that treated co-defendant Adrian Oscar Duran after both men were arrested on June 1, 2020, leading to the present criminal charges. Defendant Thompson seeks "all records for Adrian Duran arising from his hospitalization" on that date for use at Defendant's upcoming sentencing hearing on June 27, 2022. For the following reasons, the court DENIES the request to proceed with this application ex parte, but GRANTS IN PART the application itself.

**I.   Ex Parte Status Is Denied, But the Application Shall be Filed Under Seal**

Defendant requests that his application and production of the subpoenaed materials be handled completely ex parte and not be filed on the docket. However, "[i]t is this court's practice to maintain a record of all Rule 17(c) requests on the docket, though under seal where appropriate

1

to maintain the ex-parte nature of the application." United States v. Smith, 2020 WL 5763841, at *1 (E.D. Cal. Sept. 28, 2020). To warrant ex parte treatment, the applicant must show that disclosure of the Rule 17(c) application would necessarily reveal defense strategy. Id.; see United States v. Tomison, 969 F. Supp. 587, 595 (E.D. Cal. 1997).

Defendant gives no explanation of why ex parte treatment is justified, or how the application or responsive materials would disclose defense strategy. To the contrary, the application reveals that defense counsel already sought from the prosecution the same medical records sought to be subpoenaed, specifically:

> Any and all medical records for Mr. Adrian Duran, who was brought to Kaiser on June 1, 2020, that go to Mr. Duran's ability to perceive events accurately. This would include, for example, any blood tests that demonstrate Mr. Duran was under the influence of drugs and/or alcohol.

The prosecution responded that it is not in possession of any such medical records, spurring Defendant's instant application

Because the prosecution is already aware that Defendant is seeking such records, ex parte status is not warranted for this application. See Smith, 2020 WL 5763841 at *1 (denying ex parte status where defense counsel "has already disclosed this line of defense investigation to the government" by requesting from the prosecution most of the materials sought in the subpoena). In addition, the request to proceed ex parte presents heightened concerns because the application seeks to obtain potentially sensitive medical records regarding another party. Accordingly, ex parte status is denied.

However, given that the application contains certain confidential information, the court finds good cause to file the application under seal and to use this publicly-filed order as substitute notice of the application. Accordingly, the Rule 17(c) application will be filed under seal, while this order will be filed publicly on the docket.

**II.    The Application Is Granted In Part**

Rule 17(c) requires a showing of relevancy, admissibility, and specificity to support the issuance of a subpoena duces tecum. United States v. Nixon, 418 U.S. 683, 700 (1974); United States v. Komisaruk, 885 F.2d 490, 494 (9th Cir. 1989). In addition to its more common use to

obtain documents before trial, "a 'pretrial' criminal subpoena [under Rule 17(c)] can be issued for a sentencing proceeding." United States v. Krane, 625 F.3d 568, 573 (9th Cir. 2010).

As to relevance, Defendant seeks records showing Mr. Duran's level of potential intoxication during the commission of the offense for which Defendant is about to be sentenced (burglary of a federally-licensed firearm dealer) and the ensuing flight from law enforcement. Defendant seeks these records in an effort to avoid certain sentencing enhancements under the Sentencing Guidelines. The court tentatively finds these records relevant to determining Defendant's appropriate punishment, despite harboring certain reservations as to the propriety of pre-sentencing production of these records under binding case law. See Nixon, 418 U.S. at 701; see United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981).

As to admissibility, it appears that the records being sought would be admissible at least under the business records exception to the hearsay rule.

As to specificity, the court finds the application overly broad, as presently worded. Defendant requests a subpoena for "Any and all records for Adrian Duran arising from his hospitalization on June 1, 2020." The only records that would be relevant to Defendant's sentencing mitigation efforts are those that might indicate Mr. Duran's degree of intoxication or other mental impairment upon arrival at the hospital. Accordingly, in keeping with the language of defense counsel's original request to the prosecution, **the subpoena shall require production only of "any blood tests showing the levels of drugs and/or alcohol in Adrian Duran's system, or other records showing he was under the influence, when hospitalized at Kaiser on June 1, 2020."**

This order provides notice to both the prosecution and to co-defendant Duran, through his separate counsel, that a subpoena is being issued for certain of Mr. Duran's medical records. Any motions to quash or modify the subpoena shall be made to the undersigned and served on the other affected parties, and may be accompanied by a request for filing under seal with a showing of good cause. See Fed. R. Crim. P. 17(c)(2) ("On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.").

///

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Defendant Donley Thompson's ex parte application for the issuance of a Rule 17(c) subpoena duces tecum is GRANTED IN PART, to require production of:
    a. Any blood tests showing the levels of drugs and/or alcohol in Adrian Oscar Duran's system, or other records showing he was under the influence, when hospitalized at Kaiser on June 1, 2020.
2. The recipient of the attached subpoena shall comply with the subpoena by delivering the requested materials <u>on</u> June 23, 2022—and not before[1]—to Assistant Federal Defender Noa Oren, or one of her authorized investigators, Office of the Federal Defender, 801 I Street, 3rd Floor, Sacramento, CA 95814, phone (916) 498-5700, fax (916)498-5710, Noa_Oren@fd.org;
3. Any motion to modify, quash, or otherwise object to this subpoena shall be filed with the court <u>no later than June 21, 2022</u> at 4:00 p.m;
4. The Clerk of Court shall file the accompanying Rule 17(c) application under seal;
5. This order shall be publicly filed.

IT IS SO ORDERED.

Dated:  June 16, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In this way, the court allows the prosecution and Mr. Duran time to object before delivery of the documents, while still providing Defendant Thompson with any documents not objected to prior to sentencing on June 27, 2022.